20724. HOME BUILDERS INCORPORATED *v.* JONES.

STEPHENS, J. 1. Where by a written contract for the sale of real estate it is agreed that the purchaser, as part of the purchase-money, is to "assume 1st loan $4,134, payable monthly beginning July 19, 1928, $44.50 per month, no interest," and where by the terms of the deed

afterwards made to the purchaser, the purchaser, as the grantee in the deed, is to assume, as part of the purchase-money, the payment of a loan described as "a loan originally of $4450.00, now reduced to $4,134.00 and payable monthly at the rate of $44.50," and where by the terms of a deed to secure the purchase-money, which is contemporaneously executed by the grantee in the other deed to the grantor therein, the loan, which it is recited has been assumed by the grantor of the latter deed as part of the purchase-money, is described as "a loan of originally forty-four hundred and fifty (4450.00) dollars and interest," although it may appear in unambiguous terms in the written contract, as expressed in the contract of sale and as expressed in the deed from the seller to the purchaser, that the purchaser assumes as part of the purchase-money a loan in the sum of $4,134, it does not appear unequivocally and without ambiguity in the terms of any of the three written instruments referred to that the purchaser, in assuming a loan on the property as part payment of the purchase-money, assumes any unpaid accrued interest which may be due on the loan, thereby rendering the amount due on the loan at the time of the execution of the contract a sum in excess of $4,134. The terms of the contract of sale fixing the purchaser's obligation as respects the assumption of a loan as part of the purchase-money, as evidenced by the written instruments referred to, being ambiguous as indicated, it was competent to explain the contract by showing that at the time of its execution it was agreed orally and understood between the purchaser and the seller that no interest was due upon the loan, and that the sum of $4,134 represented the amount without any interest due on the loan, and that upon this basis the value of the seller's equity was arrived at and agreed to between the parties.

2. In a suit by the seller against the purchaser on a series of notes which had been given as part of the purchase-money, it was not error to admit evidence of such parol agreements and understandings, and where it appeared, from the evidence, that the defendant had paid as accrued interest upon the loan a sum in excess of the amount sued for and represented by the notes sued on, the verdict for the defendant was authorized. The judge of the superior court did not err in overruling the certiorari. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 19, 1931.

*Joseph M. Jones, George & John L. Westmoreland,* for plaintiff. *W. O. Wilson,* for defendant.